Filed 5/27/21  Ko v. Liang CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| XU YANG KO,<br><br>       Plaintiff and Respondent,<br><br>       v.<br><br> HOU YOU LIANG et al.,<br><br>       Defendants and Appellants. | B303813<br><br>(Los Angeles County<br>Super. Ct. No. BC596209) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark V. Mooney, Judge.  Affirmed.

WHGC and Michael G. York for Defendants and Appellants.

DiJulio Law Group, R. David DiJulio and Tiffany Krog for Plaintiff and Respondent.

_____

The Ko family and the Liang family entered into a real estate transaction some 16 years ago. Since then, the parties have been embroiled in litigation. This appeal follows closely on the heels of the Liangs' last appeal. In the last appeal, the Liangs asked us to reverse the trial court's granting of attorney fees in connection with Ko's 2015 lawsuit. Now the Liangs ask us to reverse the trial court's granting of attorney fees relating to previous appeals spawned by the 2015 lawsuit. The Liangs make the same argument in this appeal as they did in the previous. For the same reasons, we reject that argument and affirm the judgment.

In 2005, the Liangs and Kuo Feng Ko signed a real estate purchase agreement. The agreement contains a provision allowing the prevailing party in an action on the contract to obtain attorney fees. The agreement conditions the right to fees on the prevailing party mediating before filing suit.

Kuo Feng Ko brought suit to enforce the agreement. The trial court decided the lawsuit in Kuo Feng Ko's favor in 2008 and awarded attorney fees. Kuo Feng Ko assigned his interest in the 2008 judgment to his son Xu Yang Ko. Xu Yang Ko brought suit in 2015 to enforce the 2008 judgment. The trial court decided the 2015 lawsuit in Xu Yang Ko's favor.

The Liangs brought multiple appeals relating to the 2015 action. They lost each. On Xu Yang Ko's motion, the trial court awarded him attorney fees relating to two of these appeals in the amount of $45,150.

The Liangs appeal this award of attorney fees, arguing Xu Yang Ko lacks any entitlement to attorney fees because he did not mediate before filing suit. The Liangs made this argument in their last appeal. It meets the same fate here.

The dispute under the contract began with the filing of the lawsuit in 2005. The record does not reflect whether the parties mediated then, but the trial court awarded attorney fees under the contract in the 2008 judgment. If Kuo Feng Ko had not been entitled to attorney fees based on the contract, the issue would have been raised then. Xu Yang Ko thus fulfilled this contractual requirement. We therefore again reject the Liangs' assertion that Xu Yang Ko had no entitlement to attorney fees under the contract.

Xu Yang Ko argues the Liangs' appeal was untimely. The basis for this argument is an apparent typographical error in the Liangs' notice of appeal: the Liangs listed an October 31, 2019 order, but obviously intended the November 13, 2019 order. The Liangs' Civil Case Information Statement included the correct date and a copy of the November 13, 2019 order. We construe notices of appeal liberally. (*Luz v. Lopes* (1960) 55 Cal.2d 54, 59–60.) Xu Yang Ko has identified no prejudice from this typo. We decline to dismiss this appeal on that ground.

We deny Xu Yang Ko's request for judicial notice of a transcript from a hearing on attorney fees in the trial court as it is unnecessary to our decision.

## DISPOSITION

We affirm the judgment and award costs to Xu Yang Ko.


WILEY, J.

We concur:


BIGELOW, P. J.


STRATTON, J.

4